UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JASON MILLER, | Case No. 11-15309 |
|       Plaintiff, | David M. Lawson |
| v. | United States District Judge |
| DR. CAREN ALBERCOOK, PRISON HEALTH SERVICES, INC., MDOC BUREAU OF HEALTHCARE SERVICES, BHAMINI SUDHIR, CRYSTAL M. JONES, LYNETTE O'CONNOR, SCOTT SAKALL, SUSAN E. THOMAS, MELINDA BREAULT, DONNA J. OWEN, GLORIA BAEZ, RICHARD SCHNIDER, TERRI BERGER, J. SHARPLEY, CONNIE IVES, RICHARD DASE, SIRENA K. LANDFAIR, DEBRA SCUTT, PAMELA L. SANDERS, and THE MICHIGAN DEPARTMENT CORRECTIONS, | Michael Hluchaniuk United States Magistrate Judge |
|       Defendants. | |
| _____/ | |

## REPORT AND RECOMMENDATION
## RENEWED MOTION FOR INJUNCTIVE RELIEF (Dkt. 43)

### I.   PROCEDURAL HISTORY

Plaintiff filed a prisoner civil rights complaint on December 2, 2011. (Dkt. 1). On the same day, he filed a motion for immediate injunctive relief. (Dkt. 4). This matter was referred to the undersigned for all pretrial proceedings. (Dkt. 8). A status conference was held before the undersigned on February 24, 2012, and plaintiff's motion for immediate injunctive relief was denied without prejudice in

1

order to allow the parties to obtain and review plaintiff's medical records. Plaintiff filed a renewed motion for injunctive relief on November 18, 2012. (Dkt. 43). Defendants filed responses on December 10, 2012 (Dkt. 46) and December 19, 2012. (Dkt. 50). Pursuant to notice, a hearing was held on this motion on January 16, 2013. (Dkt. 49).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for injunctive relief be **DENIED WITHOUT PREJUDICE**.

## II. ANALYSIS AND CONCLUSION

Plaintiff seeks an injunction compelling defendants to arrange for plaintiff to have a colonoscopy and rectal surgery. In the context of medical care, a prisoner's Eighth Amendment right to be free from cruel and unusual punishment is violated only when the prisoner can demonstrate a "deliberate indifference" to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). "Where a prisoner has received some medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (citations omitted). Moreover, mere negligence in identifying or treating a medical need does not rise to the level of a valid mistreatment claim under the Eighth Amendment. *Estelle*, 429 U.S. at 106.

In determining whether a preliminary injunction is proper, the court

considers four factors: (1) whether plaintiff has a strong likelihood of success on the merits; (2) whether plaintiff has shown irreparable injury; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *See Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005). Although no single factor is controlling when determining whether a preliminary injunction should issue, the likelihood of success on the merits is often the predominant consideration. *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) ("[A] finding that there is simply no likelihood of success on the merits is usually fatal.").

The undersigned finds that, based on the evidence in the record to date, plaintiff has failed to demonstrate a strong likelihood of success on the merits of his claims. Rather, the evidence in the record reflects plaintiff's disagreement with defendants over proper medical treatment and the necessity for additional diagnostic tests, which is insufficient to support a claim under the Eighth Amendment. *See Saadeh v. Hemingway,* 37 Fed. Appx. 194, 195 (6th Cir. 2002) (holding plaintiff's motion for injunctive relief was properly denied because his complaint--that he was not being properly treated for back pain--failed to state a claim of an Eighth Amendment violation); *Chapman v. Parke*, 1991 WL 203080, at *2 (6th Cir. Oct. 4, 1991) ("[A] difference of opinion regarding treatment or his need for surgery is insufficient to state a claim under the Eighth Amendment.").

3

Plaintiff therefore fails to demonstrate a strong likelihood of success on the merits of his claims, based on the evidence in the record to date.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for injunctive relief be **DENIED WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 16, 2013                    s/Michael Hluchaniuk
                                          Michael Hluchaniuk
                                          United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on January 16, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Racine M. Miller, Kimberly A. Koester, Ronald W. Chapman, and James T. Farrell.

                                          s/Tammy Hallwood
                                          Case Manager
                                          (810) 341-7887
                                          tammy_hallwood@mied.uscourts.gov